UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARC GOLDNER, Individually and as Officer of GOLDEN BELL ENTERTAINMENT, LLC, a California company and GOLDEN BELL STUDIOS, LLC, GOLDEN BELL ENTERTAINMENT, LLC., a Nevada Company and GOLDEN BELL STUDIOS, LLC., | : | Civil Action No. 23-CV-04078(PAE)(SN) |
| Plaintiffs | : | SHOW OF CAUSE |
| v. | : | |
| ALEXNADER NORRIS, | : | |
| And | : | |
| ANDREWS MCMEEL UNIVERSAL, LLC AND ANDREWS MCMEEL PUBLISHING, LLC | : | |
| Defendants | | |

1

Plaintiffs hereby submit this showing of cause in response to the Court's October 23, 2023 Order ordering Plaintiffs to show cause as to why this action should not be dismissed for failure to serve process on Defendant Alexander Norris in the time required to do so under Federal Rule of Civil Procedure 4(m).

## ARGUMENT

Federal Rule of Civil Procedure 4(m) provides a time limit of 90 days after a complaint is filed to serve defendants, else the Court provide a specified date within which service must be made or dismiss the claims against the defendant without prejudice. Fed. R. Civ. P. 4(m). However, Rule 4(m) also explicitly states that this subdivision does not apply to service in a foreign country, as specified by Rule 4(f). *Id*.

At all relevant times, Defendant Alexander Norris was a citizen and resident of the United Kingdom. See *Norris v. Goldner et al*., 1:19-cv-05491,( S.D.N.Y. 2019) Doc No. 39. Thus, as service upon Defendant Norris constitutes service in a foreign country, the time limits contained within Rule 4(m) do not apply.

Even if the Court utilizes the good cause analysis to determine whether or not the matter should be dismissed as to Defendant Norris under Rule 4(m), dismissal is not warranted. "In determining whether a plaintiff has shown good cause, courts in this Circuit consider whether the (1) plaintiff made reasonable efforts to serve the defendant and (2) defendant was prejudiced by the delay in service." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 118 (S.D.N.Y. 2010).

Despite engaging in litigation for the past several years, Plaintiffs were unable to ascertain an address to serve Defendant Norris at. After diligently searching, Plaintiffs discovered an address associated with Defendant Norris and engaged a process server company "Full Force" to complete

service at this address, but Full Force was unable to complete service at that address. Diaz Aff. At 3. Plaintiffs diligently searched for another location to serve Defendant Norris but were unable to ascertain one. *Id* at 4.  Plaintiffs were further unaware of the extent of Defendant Norris' representation in the matter, as opposing counsel in the 2019 litigation made no indication they would be representing Defendant Norris.[1]

Even if the Court finds that Plaintiffs attempts to serve Defendant Norris were not reasonable, dismissal is still not warranted as Defendant Norris can show no prejudice. As stated by his counsel in the other matter, it is clear that Norris is aware of the action pending against him. Further, the action is still in its early stages. Indeed, co-Defendant McMeel has yet to answer the complaint. Given the early posture of the matter, it is unclear what, if any, prejudice Defendant Norris could show related to the delay in service. Indeed, in Madu, this Court granted an extension of time even though defendants not only failed to make reasonable efforts to serve the defendant but were silent as to the matter altogether. *Madu*, 265 F.R.D. 118. Indeed, the Court there found that a dismissal was not warranted because there was no evidence that Defendant was prejudiced by the delay. *Id.*

## CONCLUSION

As it is clear that Defendant Norris is a resident of the United Kingdom, the time limit for service in Rule 4(m) is inapplicable. Further, Plaintiffs have made reasonable efforts to serve Defendant Norris in the United Kingdom prior to the knowledge that he would be represented by the same counsel in this matter, and Defendant Norris cannot show prejudice from this delay in prejudice. For these reasons, the complaint should not be dismissed for failure to timely serve Defendant. Norris under Rule 4(m).

---

[1] Defendant Norris has engaged in numerous crowd-funding efforts he claims aim to pay ongoing legal fees. As a result, Plaintiffs were unsure if he would be able to retain counsel for the new matter.

Dated: November 3, 2023　　　　　　　　**GERARD FOX LAW P.C.**
New York, New York

　　　　　　　　　　　　　　　　　　　　*/s/ Ryan Dolan*　　　　　　　．
　　　　　　　　　　　　　　　　　　　　Ryan Dolan
　　　　　　　　　　　　　　　　　　　　Gerard P. Fox (*pro hac vice forthcoming*)
　　　　　　　　　　　　　　　　　　　　1345 Sixth Avenue, 33rd Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10105
　　　　　　　　　　　　　　　　　　　　Telephone: (646) 690-4980
　　　　　　　　　　　　　　　　　　　　Facsimile: (646) 368-9328
　　　　　　　　　　　　　　　　　　　　gfox@gerardfoxlaw.com
　　　　　　　　　　　　　　　　　　　　rdolan@gerardfoxlaw.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs,*
　　　　　　　　　　　　　　　　　　　　Marc Goldner, Golden Bell Entertainment
　　　　　　　　　　　　　　　　　　　　LLC, Golden Bell Studios, LLC