UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARC GOLDNER, GOLDEN BELL
ENTERTAINMENT, LLC, et al.,

                     **Plaintiffs,**                 23-CV-04078 (PAE)(SN)

          -against-                              **ORDER**

ALEXANDER NORRIS, ANDREWS MCMEEL
UNIVERSAL, LLC, and ANDREWS MCMEEL
PUBLISHING, LLC,

                     **Defendants.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Gerald Fox Law, P.C. (the "Firm") and Gerald Fox (together, "Counsel") have moved to withdraw as counsel for the Plaintiffs pursuant to Local Civil Rule 1.4. Counsel state that they can no longer represent Plaintiffs because (1) they no longer have New York licensed attorneys in a New York office at the Firm; (2) they would incur "substantial financial hardship" if required to continue to represent Plaintiffs; and (3) Counsel and Plaintiffs have fundamental disagreements. ECF No. 25-2. Plaintiffs object to the motion to withdraw.

      The Court ordered the Firm to file its retainer agreements *ex parte* and under seal, which the Firm did along with a Second Affidavit of Gerald Fox. ECF No. 31. In response, Marc Goldner (the Firm's client) filed a letter with exhibits. ECF No. 32.

      The Court has serious reservations concerning this motion. Accordingly, the Court orders Marc Goldner and Gerald Fox to appear on Wednesday, February 28, 2024, at 11:00 a.m. This conference would be most productive if held in person. That said, in light of the circumstances, the Court will convert it to a telephone conference if requested by either party. This conference will be held *ex parte* (that is, without the Defendants' presence) to allow for a candid discussion.

At the conference, the parties should be prepared to discuss the following topics:

1. What agreement governs the parties' relationship in connection with the 2023 Case?

2. Assuming the July 25, 2022 engagement and fee agreement (the "July 25 Agreement") is the operative agreement, does Counsel's motion to withdraw require a showing under the California Rules of Professional Conduct, the New York Rules of Professional Conduct, or something else?

3. What was the parties' understanding when it entered into the July 25 Agreement that contemplated a contingency percentage of any recovery when, at the time the agreement was executed, Goldner and his companies were defendants?

4. What invoices, if any, are outstanding? What is the basis for the Firm's position that the Plaintiffs agreed to pay the costs associated with retaining local counsel?

5. What is the status of Gerald Fox's "forthcoming" pro hac vice application that was represented in the complaint? See ECF No. 3.

6. What is the fundamental disagreement between Counsel and the Plaintiffs and when did it arise?

## CONCLUSION

Marc Goldner and Gerald Fox shall appear on Wednesday, February 28, 2024, at 11:00 a.m. The conference will be held in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. Either party may, however, request that the conference be converted to a telephone conference. Because the conference concerns only Counsel's motion to withdraw, and in order to facilitate open and candid discussion, the conference will be *ex parte* and Defendants and their counsel are not permitted to attend.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   February 16, 2024
         New York, New York

2