UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC GOLDNER, GOLDEN BELL ENTERTAINMENT, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEXANDER NORRIS, ANDREW MCMEEL UNIVERSAL, LLC, and ANDREWS MCMEEL PUBLISHING, LLC, <br><br> Defendants. | Case No.: 23-CV-04078 (PAE)(SN) <br><br> **MOTION TO WITHDRAW** <br><br> Hon. District Judge Paul A. Engelmayer |

## MOTION TO WITHDRAW AS COUNSEL

### I.  Introduction.

Counsel Gerard Fox Law, P.C., and Gerard P. Fox ("Mr. Fox" and collectively, "Gerard Fox Law") bring this Motion to Withdraw as counsel for Plaintiffs Marc Goldner, Golden Bell Entertainment, LLC, and Golden Bell Studios, LLC (collectively, "Mr. Goldner"), in the above-captioned matters.

### II.  Factual Background.

For the sake of brevity and clarity, the irreconcilable differences mentioned within Gerard Fox Law's previous Motion to Withdraw, have persisted. The firm has continued to represent Mr. Goldner, despite substantial hardship. Around September through November, 2024, Gerard Fox Law received Mr. Goldner's multiple acceptances of Settlement Agreement(s) for the cases herein after this honorable Court advised Mr. Goldner to settle his matters. (Fox Aff. at ¶¶ 3 – 11). Mr. Goldner, based on extraneous drafting unrelated to the terms of the agreement by Defendants,

decided it was in his best interests to abruptly rescind his settlement acceptance and instead renegotiate material terms. Mr. Goldner and Mr. Fox were ordered to appear in-person within this Court on November 18, 2024. (*Id.*). Mr. Fox appeared and Mr. Goldner, whereas Mr. Norris on behalf of Defendants, did not. (*Id.*). It was at this juncture that Mr. Goldner informed Mr. Fox that he has retained new counsel that advised him to not settle the actions herein and that said counsel will not be entering an appearance as counsel of record nonetheless. (*Id.*). Mr. Fox informed the Court of the tenuous position he is in with outside counsel advising his client directly. This honorable Court informed Mr. Fox that this Motion to Withdraw could be filed.

Accordingly, Gerard Fox Law respectfully moves this Court to withdraw as counsel pursuant to the provisions, case law, and authorities below.

### III. Argument.

"In 1912, the Court of Appeals established that an attorney may terminate his relationship with a client in litigation "at any time for a good and sufficient cause and upon reasonable notice" (*Matter of Dunn [Brackett]*, 205 NY 398, 403 [1912])." (*Kalamata Capital Group, LLC v. AJP Remodeling, LLC*, 81 Misc.3d 1209(A), 199 N.Y.S.3d 880, at *2 [Sup. Ct. Kings County 2023]).

This notion is widely accepted throughout New York, "[a]s a general rule, an attorney may obtain leave of court to terminate the attorney-client relationship at any time upon reasonable notice, for a good and sufficient cause…(see 22 NYCRR 1200.0, Rule 1.16 [c]; *Misek-Falkoff v Metro. Tr. Auth.*, 65 AD3d 576, 577 [2d Dept 2009]; *Rivarderneria v New York City Health and Hosps. Corp.*, 306 AD2d 394, 395 [2d Dept 2003]; *Tartaglione v Tiffany*, 280 AD2d 543, 543 [2d Dept 2001]; *Adler v Mitchell*, 2022 NY Slip Op 50665[U], *2, 2022 NY Misc LEXIS 3194, *3 [Sup Ct, NY County, Jul. 25, 2022])" (*Ventura v Choi*, 2023 WL 4290358, *1 [Sup Ct, NY County, June 29, 2023, No. 805374/2016]).

"Both the Model Code and the NYRPC lend guidance as to what grounds constitute good cause to grant such a motion." (*White v. Advanced Cardiovascluar Diagnostics, PLLC*, 2023 WL 2163777, at *2 [E.D.N.Y. February 22, 2023]; *Citing Whiting v. Lacara*, 187 F.3d 317, 321 [2d Cir. 1999]). Within the N.Y. Rules of Prof. Conduct (i.e. 'NYRPC'), there are multiple bases for withdrawal (i) "withdrawal can be accomplished without material adverse effect on the interests of the client;" (ii) "the client insists upon taking action with which the lawyer has a fundamental disagreement;" (iii) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;" (iv) "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;" and (v) "the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." (N.Y. Rules. Prof. Conduct 1.16(c)(1), (4), (6), (7), & (12)).

For the sake of brevity, the ABA Model Rules of Professional Conduct (i.e. 'Model Rules'), overlap with the N.Y. Rules of Prof. Conduct substantively, but also allow for "permissive withdrawal 'if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.' " (*Tokarz, supra,* 2005 WL 8161165 at *2; *Citing* ABA Model Rule 1.16(b)(6); *Lieberman v. Polytop Corp.*, 2 Fed. Appx. 37, 39 [1st Cir. 2001].

Notably at the heart of these bases for withdrawal premised on 'fundamental disagreements,' a client insisting on untenable 'claims or defenses,' 'unreasonable financial burden,' and a 'failure to participate in representation,' is the notion of "[w]hen a client makes it unreasonably difficult for an attorney to effectively carry out representation, sufficient grounds

exist to justify permissive withdrawal under the rules." (*Villatoro v. LTLMR LLC*, 2023 WL 5952027, at *2 [E.D.N.Y. August 7, 2023]; *Citing Tokarz v. LOT Polish Airlines,* No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 [E.D.N.Y. June 20, 2005] (citation omitted); *Guichard v. Toulon,* No. 19-CV-3443 (JS)(JMW), 2022 WL 2612351, at *2 [E.D.N.Y. June 1, 2022] (same); *Interpool, Inc. v. JJS Transportation & Distribution Co.,* No. 22-CV-01103 (JMA)(JMW), 2022 WL 17335670, at *5 [E.D.N.Y. Nov. 30, 2022] (same)).

The specific rationale that leads to an irreconcilable conflict does not have to be specifically articulated as counsel must be mindful of any potential prejudice to their client as well as simultaneously protect confidential or privileged communications. (*See* N.Y.S.B.A. Ethics Op. 1057 (June 5, 2015) (discussing interplay between motions to withdraw and the duty of confidentiality owed to clients); *Also See* Fox Aff. at ¶ 2 – 11).

It is clear that there is sufficient reason to allow Gerard Fox Law to withdraw as counsel for Mr. Goldner. Though Gerard Fox Law was able to communicate with Mr. Goldner early into their representation in the case, the communication has ground to an irreconcilable halt. Gerard Fox Law has filed an affidavit previously which expressly highlights that the legal courses of action suggested and discussed on multiple occasions with Mr. Goldner are being disregarded and Mr. Goldner, although entitled to his opinion, is taking contrary courses of actions that Gerard Fox Law has advised will prejudice his case. (Fox Aff. at ¶¶ 3, 7 – 9). Gerard Fox Law informed Mr. Goldner that its New York office has closed and its New York licensed attorneys have left the firm. (Fox Aff. at ¶ 2). Consequently, Mr. Goldner was informed of the financial difficulty and inability of Gerard Fox Law to continue representing him, as all the remaining attorneys work out of Century City, California. (*Id.*).

Gerard Fox Law has been extremely patient with Mr. Goldner. Mr. Goldner's form of communication and pressure to conform to their expected strategies and theories has formed an impasse in the attorney client relationship. (Fox Aff. at ¶¶ 2 – 11). It is Gerard Fox Law's belief that Mr. Goldner would be best served through representation of the new counsel he has obtained with a practice in New York, and a better, hands-on knowledge of the rules, the courts and the judges, as well as counsel who sees more eye-to-eye with his perspectives on handling the case. (Fox Aff. at ¶¶ 7 & 11).

For the foregoing reasons, Gerard Fox Law believes that there is sufficient cause for the Court to allow them to withdraw as counsel, the fundamental disagreements, untenable claims, and financial hardship on Gerard Fox Law, all amount to 'good cause' and render it unreasonably difficult for Gerard Fox Law to carry out such representation effectively. Gerard Fox Law respectfully asks this Court to stay the proceedings in this case to allow Mr. Goldner to acquire new representation, which should simply involve Mr. Goldner's new counsel filing a notice of appearance. (Fox Aff. at ¶ 12).

Dated: November 22nd, 2024
Century City, California

GERARD FOX LAW P.C.

*/s/ Gerard P. Fox/*

Gerard P. Fox
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447
gfox@gerardfoxlaw.com

*Attorney for Plaintiffs*
Marc Goldner; Golden Bell Entertainment, LLC *et. al.*