UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARC GOLDNER, GOLDEN BELL ENTERTAINMENT, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDER NORRIS, ANDREW MCMEEL UNIVERSAL, LLC, and ANDREWS MCMEEL PUBLISHING, LLC,<br><br>Defendants. | Case No.: 23-CV-04078 (PAE)(SN)<br><br>**AFFIDAVIT OF GERARD P. FOX IN SUPPORT OF MOTION TO WITHDRAW**<br><br>Hon. District Judge Paul A. Engelmayer |

**Affidavit of Gerard P. Fox In Support of Motion to Withdraw as Counsel**

I, GERARD P. FOX, declares as follows:

1. I am the managing partner of Gerard Fox Law, P.C. ("Gerard Fox Law") I have worked on the above captioned case on behalf of Gerard Fox Law, P.C., representing Plaintiffs Marc Goldner, Golden Bell Entertainment, LLC, and Golden Bell Studios, LLC (collectively, "Mr. Goldner"), in the above-captioned matter. As such, I have overseen this matter since its inception within Gerard Fox Law and have personal knowledge of the facts set forth below. I respectfully submit this Declaration in accordance with Local Rule 1.4, the various subparts of Rule 1.16(c) of the New York Rules of Professional Conduct, and the ABA Model Rules of Professional Conduct.

2. For the sake of brevity and clarity, I have read my previous Affidavit filed with a Motion to Withdraw and incorporate by reference herein the facts which show irreconcilable differences and substantial hardship herein.

1

3. Over the course of managing Mr. Goldner's case, it has been made clear on a number of occasions that Mr. Goldner is vehemently and ideologically bound to courses of action with which, Gerard Fox Law, as their lawyers, fundamentally disagree.

4. As this honorable Court knows, Mr. Goldner based on the previous advice of this Court to consider settling the matter, had accepted, but not executed, a Settlement Agreement during a virtual settlement conference.

5. Mr. Goldner later got concerned over small drafting issues when the Settlement Agreement was being circulated, which did not change material terms, and began trying to renegotiate.

6. Mr. Goldner later decided it was in his best interests to rescind his settlement acceptance.

7. This Court ordered the parties to appear in-person on November 18, 2024. I appeared with Mr. Goldner, whereas Mr. Norris on behalf of Defendants did not appear. Mr. Golder still refused to accept any settlement proposals and I was informed that he was doing so based on the advice that he had received from a new attorney, presumably within New York, that he had retained.

8. I informed this Court of the tenuous position Mr. Goldner was putting me in, especially given that Mr. Goldner is taking the advise of outside counsel against the guidance of myself and this Court. I was permitted by this honorable Court to file another Motion to Withdraw.

9. Communicating with Mr. Goldner in any meaningful way to assist him with representing this matter has become unreasonably difficult due to irreconcilable differences of legal opinion and strategy. Mr. Goldner has repeatedly refused to consent to our withdrawal when

asked. As of yet, Mr. Goldner remains steadfast in his ideals and I believe it is in his best material interests to retain New York counsel to assist him with this matter.

10. I am willing to provide further information as the Court finds necessary to illustrate irreconcilable differences. For instance, in an *ex parte* meeting or a declaration that is filed under seal.

11. It is Gerard Fox Law's position that at this point in the litigation, it is both practical and non-prejudicial for any party if Mr. Goldner obtain New York counsel to assist them in pursuing their representation in the exact manner and means that they see fit. Mr. Goldner currently maintains other counsel, Eleanor Lackman, in a related matter <u>Norris v. Goldner</u>.

12. For these reasons, it is respectfully requested that the Court: (a) grant Gerard Fox Law's motion to withdraw as counsel pursuant to N.Y. Rules of Prof. Conduct 1.16(c)(1), (4), (6), (7), & (12), as well as the ABA Model Rules of Prof. Conduct; and grant (b) a stay of this case in order for Mr. Goldner to find new representation in this matter.

I declare the following statements are true to the best of my recollection under the penalty of perjury under the laws of the United States of America.

Dated: November 22nd, 2024  
Century City, California

GERARD FOX LAW P.C.

*/s/ Gerard P. Fox*

Gerard P. Fox  
1880 Century Park East, Suite 1410  
Los Angeles, CA 90067  
Telephone: (310) 441-0500  
Facsimile: (310) 441-4447  
gfox@gerardfoxlaw.com

*Attorney for Plaintiffs*  
Marc Goldner; Golden Bell Entertainment, LLC *et. al.*

3

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 22nd day of November, 2024, by Gerard P Fox,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



ROBERT HONANIAN
Notary Public - California
Los Angeles County
Commission # 2376808
My Comm. Expires Sep 28, 2025

(Seal)                Signature